Bienvenidos, welcome. It's so good to see a full courtroom. We have not had a full courtroom in quite a long time. I'm Myrna Perez. I know many of you have not been before me, and we are very lucky to be joined by two very esteemed jurists. I have Judge Rosemary Pooler and Judge Dick Wesley. We have a very full docket today, and there's a lot going on with a bunch of counsel. So I'm hoping folks will help us keep the trains moving and be a little bit patient and Generous with some housekeeping. We're going to start with the two motions today. The first one. Linda Goldstein for Bank Gowdy, Your Honor. You are welcome to proceed. Thank you, Your Honor. May it please the Court. Section 1782 provides a mechanism for litigants to seek documents for use in a foreign litigation. It is not a mechanism for a foreign litigant to obtain negotiating leverage over his adversary. But that is the only use that Petitioner Al-Attabi can now make of the transfer data sought in the subpoenas. That is not a purpose permitted by Section 1782, and it should result in reversal of the magistrate judge's March 8th order. The standards for a stay pending appeal of that order are clearly met here. First, Bank Gowdy has shown irreparable injury. It is undisputed that there is no mechanism for filing documents under seal in Lebanon, that the Lebanese press is filled with rumors that banks have discriminated among their customers by transferring millions of dollars overseas in violation of Lebanon's de facto capital controls, and that no actual data about any cross-border transfers have been published with respect to any other Lebanese bank. The press and the public will inevitably conclude that Bank Gowdy has been flouting Lebanon's de facto capital controls. Bank Gowdy will be unable to refute that inference because of Lebanon's strict bank secrecy law, which imposes criminal penalties for disclosing any customer banking information. The combination of these factors means that Bank Gowdy will be seriously disadvantaged if the information is filed in court in Lebanon. So can I ask, why did you appeal the magistrate's order before the district court could rule on your objections? Your Honor, we believed that we had consented and that both parties had consented to the magistrate's authority to conduct all remaining proceedings in the case. This is a 1782 proceeding. There are no claims. There's no trial. All there is is resolution. What was the basis for your belief of that? Some statement you made on the record that you can point to for us to see? The fact that we submitted our letter to the magistrate judge when the only matter that was covered in the district court's order of reference was motion number 18, which was the first motion. This was a new motion based on new facts. Well, that's not the usual course where people consent to the magistrate to hear and determine. It was implied consent, Your Honor, as the Supreme Court held in the Royal case. But Royal was a situation where there was an appointment of magistrate and a successor magistrate, but there was consent to the magistrate. And so it was implied that the consent continued. But there's no explicit manifestation of consent in your case. I think Your Honor was referring to the Astra case, which was a case of this court. And in fact, the court's decision said even if we accept the argument that the order of reference was to magistrate number one and didn't cover magistrate number two, implied consent exists because the parties appeared before the second magistrate without making any objection to the magistrate's authority to continue. And here, we sent our letter to the magistrate judge. Alitabi's counsel sent their own letter to the magistrate judge without raising any objection to the magistrate judge's hearing the matter. The magistrate judge then scheduled a telephone conference. Both parties then appeared at the telephone conference. Again- Well, even after you lost the motion to quash, did you file objections with the district court? We have- Because allegedly your consent extended to hear and determine? We first filed a notice of appeal to this court, Your Honor. And then we filed protective objections to the district court judge. But if the notice of appeal is from the magistrate's order, it's a no. It isn't the consent. Not if there is implied consent, Your Honor. If there is implied consent, then there is jurisdiction. It's a lot of belt and suspenders, isn't it? And there was no appeal from the original subpoena, right? Which is a final order. Well, the ex parte order- Right, the ex parte order. There was no appeal from the- Ordinarily, Your Honor, as you're aware, people do not appeal from the ex parte orders. Had we appealed from that order, we would have been unable to put in our own factual submissions on the impropriety of the original order. We would not have been able to put in any evidence on what Lebanese law actually provided. Was it a final order? It was not a final order. No jurisdiction? No, this court routinely accepts jurisdiction over litigated challenges to 1782 petitions. I just have one last question. Assuming we agree with you, which I'm not saying that we do, but that the March 8th order was final, can you explain how it would be that we would have the authority to consider the two previous two orders? Under the usual rules that an appeal from a final order brings up with it the prior orders. Okay. Thank you so much. Thank you. I would like to start by quickly addressing Mr. Al-Atabi's motion to dismiss the appeal, which I sense that the court has some interest in. Mr. Al-Atabi's appeal purports to include three orders of the district court, all of which, in effect, authorized Mr. Al-Atabi to get the section 1782 discovery he sought. The September 3rd, 2021 order granted his ex-party petition. Under 1782 jurisprudence, that was a final appealable order, and the standard for that is set forth in Chevron Corp. against Berlinger, which is a 2011 decision of this court, and it says that an order on a 1782 petition is final if it constitutes the final resolution of a petition to take discovery in aid of a foreign proceeding under section 1782, which the September 3rd order clearly did. Bank Audi then intervened and, in effect, moved to vacate that September 3rd, 2021 order, which is typical in a 1782 proceeding, and that order was referred to the magistrate judge, and the magistrate judge substantially denied that motion on January 26th of 2022. The judge did strike one of the document requests in Mr. Al-Atabi's proposed subpoenas, but in all other respects affirmed the district judge's September 3rd, 2021 order. So, as I think the court has noted, Bank Audi did not file any Rule 72a objections to the magistrate judge's January 26th, 2022 order, so that became also a final order because, again, it met the Chevron Corp. against Berlinger standard. 1782 is discovery, but it's a special animal, and those orders are immediately appealable. Thereafter, on February 25th, Bank Audi submitted a renewed motion to the magistrate judge, and I would submit that that renewed motion was squarely within the terms of the original referral that the district judge made because, in the renewed motion, Bank Audi was seeking exactly the same relief, which was to overturn the grant of 1782 discovery to the petition of Mr. Al-Atabi. On March 8th, the magistrate judge denied that renewed motion. So, the proper course at this point would have been to file Rule 72 objections to the magistrate judge's March 8th order. Instead, Bank Audi filed an appeal to this court. That appeal, I respectfully suggest, is premature because, subsequent to doing that, Bank Audi then went back to the district court and filed Rule 72a objections to the March 8th order. So, it is now challenging that order before your honors and before the district judge. May I? I'm sorry for interrupting. Sure. So, your opposing counsel indicates that there was implied consent to go before a magistrate. I was hoping you could just illuminate for all of us all the reasons why you believe that there was not implied consent to go through the magistrate. Sure. The cases that Bank Audi has cited with respect to implied consent have no application in the 1782 context because all of them involved parties who submitted the merits of causes of action to a magistrate judge. And here, the only issues that the magistrate judge dealt with were issues that the case law in the Southern District defines as non-dispositive issues because the merits of the dispute between Bank Audi and Mr. Al-Atabi are not in this district. They are in Lebanon. So, the relevant sections of the United States Code, which is 28 U.S.C. section 363C, simply didn't apply because my client never submitted the merits of his dispute against Bank Audi to the magistrate judge. Secondly, in order for there to be implied consent, even in a situation where section 363C applies, all of the parties to the dispute have to consent. And here, Bank Audi was not really a party to the dispute. Bank Audi is an intervener, and Bank Audi may have consented. They can argue, although I think unpersuasively, that my client consented, but there are four banks who have now been subpoenaed who are also parties to this dispute, and there is no argument that they ever consented to having the magistrate judge decide this on a case-dispositive basis without review by the district judge. So, I see we've kept you longer. Do either of you have any more questions? No, we're good. Thank you. We're good. Thank you so much. We're happy to take the case under investment. Thank you. I'll give you guys a minute to change gears. Do I have a minute, Your Honor? I'm sorry? Did you say I had a minute? I'm sorry, did you reserve time? Well, I was told I couldn't reserve time. Right. So, I think we're good. Thank you so much.